LYON & WIFE, Appellants, *vs.* PAGE & OTHERS, Respondents.

1. In a suit under the practice act of 1849, by the grantee in a deed against the grantor, to correct a mistake in the description of the property conveyed, parties in possession cannot be joined as defendants, unless they claim under the grantor with notice of the mistake or as volunteer purchasers.
2. A judgment by default may be taken against one defendant, after a demurrer has been sustained as to others.

### *Appeal from St. Louis Circuit Court.*

This was a suit, the object of which was to correct a mistake in a deed in the description of the land conveyed. The defendants were, the grantor in the deed, the several parties in possession of different portions of the land, and a party having an interest with the plaintiffs under the deed. The plaintiffs prayed judgment for the title and for the possession. A demurrer to the petition, filed by all the defendants except Paschal Tourie, the grantor, was sustained by the Circuit Court. The facts stated in the petition appear in the opinion of Judge Ryland. After the demurrer had been sustained, a judgment by default was taken against Tourie for want of a plea. This judgment was afterwards set aside, and the petition dismissed, and the plaintiffs appealed.

*P. C. Morehead,* for appellants.

*J. R. Shepley,* for respondents.

RYLAND, Judge, delivered the opinion of the court.

The questions in this case involve the propriety of the judgment of the court below in sustaining the demurrer of the defendants, all except Paschal Tourie, to the petitioners' complaint, and also the setting aside of the judgment by default against Tourie, and the dismissing of the petition.

The petition does not set forth properly facts sufficient to maintain an action against the defendants who demurred to the same. The petition seeks to correct an error or mistake in the

description of the tract of land mentioned in the deed from Paschal Tourie to Robert N. Moore and Alexander Moore. It states that one Charles Simoneau, who died several years ago in St. Louis county, intestate, owned and cultivated a lot or parcel of land containing forty arpens, described as one arpent in front by a depth of forty arpens, situated in the Grand Prairie common fields, adjacent to and belonging to the then village of St. Louis, being a common field lot, bounded on the north by a common field lot of one Francis Marechell, on the south by a common field lot of one Francis Moreau, and was owned and cultivated by said Charles Simoneau, at and prior to the 20th day of December, 1803, and was by the act of 1812 confirmed to said Charles Simoneau or his legal representatives ; that said Charles Simoneau died before said act was passed, leaving as his heirs his wife, Marie Simoneau, and his only child, Charles Simoneau, who became entitled to said tract of land, and were the confirmees thereof under said act of 1812 ; that said Charles Simoneau, jr., died without issue, leaving his mother, the said Marie, his sole heir ; and, previous to his death, conveyed to his mother said tract of land, by deed dated August 11th, 1806; that said Marie Simoneau conveyed the same land to Paschal Tourie, by deed dated July 20th, 1838. The petition also states that said Charles Simoneau, sr., never owned any other lot or tract of land in said Grand Prairie common fields west of the east line of said common fields, than the lot here described ; that the said Paschal Tourie, who acquired the same as aforesaid, sold it to Robert N. and Alexander Moore, both now deceased, but erroneously conveyed by a wrong description by general warranty deed, marked as an exhibit to the petition, (C.) The petition states that the land conveyed was never the property of the said Simoneau or of the said Paschal Tourie, as acquired by them, but that the land in controversy was the land sold to the said Moores and intended to have been conveyed, which the said Tourie has since admitted. The petition avers that said plaintiffs are entitled to a conveyance from said Tourie for said land.

The petition then states that Alexander Moore died intestate, leaving as his heirs his mother, Elizabeth N. Moore, his brother, Robert N. Moore, his sister, Elizabeth Hull, and his niece, Julia N. Moore; that the mother, Elizabeth N. Moore, died, devising her interest in said land to Robert N. Moore and Elizabeth Hull, wife of Joseph S. Hull; that Robert N. Moore died, devising all his interest · in said land to his wife, Anna Maria, now the wife of the plaintiff; that Joseph S. Hull and wife conveyed their interest in said land to the plaintiff, James M. Lyon, by deed, whereby the plaintiffs are entitled to the whole of said tract of land, except one-eighth thereof, belonging to Julia N. Moore.

The petition then states that the defendants, Wash and wife, Clay Taylor and Edmond Taylor, are in possession, by themselves or their tenants, of part of said land on the west end; that Peter Lindell is in possession of part next east of them, and defendants, Page and Vandeventer, are in possession of the remainder of said tract, and are unlawfully withholding from the plaintiffs said possession.

The defendants, the school commissioners, are pretending, unjustly, to claim a part on the east end thereof. The plaintiffs state that they have an equitable title to said described tract of land, and pray judgment that Paschal Tourie shall convey the same to plaintiffs by deed in fee simple, or such judgment as shall invest them with the legal title to the same; and such other judgment against him as shall be proper under the circumstances. Against the other defendants they pray judgment for possession, damages, rents and profits, and general relief.

1. This petition, which I have stated substantially above, shows no cause of action against any of the parties who demurred thereto.

It does not appear by this petition that any of these defendants claim under Paschal Tourie, the maker and grantor in the deed, in which is the alleged erroneous description of the land. Even if these defendants should claim under Paschal Tourie, the petition fails to allege that they had notice of such mistake,

or that they were mere volunteer purchasers. The judgment, then, of the lower court, upon the demurrer in favor of these defendants must be affirmed, and the plaintiffs having, after leave given, failed to amend their petition, the judgment dismissing the petition, as to them, is proper, and must also be affirmed.

2. But this court cannot perceive why the court below should suppose the judgment by default against Paschal Tourie was irregular, and should be set aside. The record shows personal service of the summons and petition in time, and it also shows the failure of the defendant, Tourie, to answer or demur. The judgment by default was regular, and the court should not have set the same aside and dismissed the petition, without any appearance or motion on the part of Tourie asking for such action.

The defendants, who demurred below, contend in this court that the judgment against Tourie was properly set aside, because it was had after the demurrer to the plaintiff's petition had been sustained by the court below. There is nothing in this objection. The plaintiffs may well be entitled to relief against one defendant, and yet have no sufficient statement of facts in their petition to entitle them to relief against another defendant, or even an informal and defective statement may be considered sufficient, after default, to authorize the courts to afford the relief which might have been denied upon proper defence made.

In our opinion, then, the court below erred in setting aside the judgment by default taken in this case against Tourie, without his appearance, and showing cause therefor. That judgment is reversed, and the cause remanded for further proceedings against Paschal Tourie, if the plaintiffs see fit ; and the judgment in favor of Page and the other defendants, who made defence below, is affirmed, the other judges concurring.